## Trexler v. Reynolds, Appellant.

*Contract—Partnership—Dissolution agreement—Construction—Set-off —Evidence.*

1. Where in a proceeding on a judgment bond an issue is framed to determine what personal property, if any, was removed from partnership real estate in violation of a dissolution agreement, and it appears that the plaintiffs and defendant had been members of a general partnership engaged in farming and stock raising on a certain farm, that the plaintiffs were also members of a limited partnership which was carrying on its business of stave making upon the same property under a written agreement with the first firm; that in pursuance of a desire to dissolve the partnership an agreement was executed by the plaintiffs and defendant, "trading and doing business" under the general partnership name conveying to the defendant the farm and "All their right, title and interest in and to all the personal property upon the said lands, and all the right, title and interest in and to all other personal property owned by the said firm" and that as part of the settlement the defendant gave the judgment bond in question, the defendant is precluded from setting up as a defense pro tanto to the payment of the bond the value of personal property admittedly be-

longing to the limited partnership which the plaintiffs had removed from the premises.

2. In such a case the dissolution agreement is properly construed as relating only to the plaintiff's interest in the personal property of the general partnership of which defendant was a member, and not to their interest in the personal property of the limited partnership.

Argued April 11, 1911.   Appeal, No. 292, Jan. T., 1910, by defendant, from judgment of C. P. Huntingdon County, Dec. T., 1905, No. 172, on verdict for plaintiffs in case of J. F. Trexler and J. L. Trexler v. H. P. Reynolds.   Before Fell, C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ.   Affirmed.

Issue framed to determine set-off to claim on judgment bond.   Before Woods, P. J.

The facts appear in the opinion of the Supreme Court, and in the report of the same case in 43 Pa. Superior Ct. 168.

*Errors assigned* were in certain rulings on evidence, and in directing judgment for plaintiff.

*Thomas F. Bailey,* with him *Samuel I. Spyker* and *Chas. C. Brewster,* for appellant, cited as to construction of the contract: Graver v. Scott, 80 Pa. 88; Irvin v. Irvin, 142 Pa. 271; Barnhart v. Riddle, 29 Pa. 92; Weisenberger v. Ins. Co., 56 Pa. 442; Forrest v. Nelson, 108 Pa. 481; Cummins v. Ins. Co., 197 Pa. 61; Fry v. Glass Co., 207 Pa. 505.

*W. M. Henderson* and *H. H. Waite,* for appellees.

Opinion by Mr. Justice Mestrezat, May 23, 1911:

J. F. Trexler and J. L. Trexler, the plaintiffs, owned and managed the "Paradise Furnace Farm" in Todd township, Huntingdon county, containing about 4,700 acres of land, and were trading under the firm name of Trexler Brothers and Company.   On May 3, 1904, H. P. Reynolds, the defendant, became a member of the firm under certain

terms and conditions set forth in a written article of agreement of that date. The Trexlers owned jointly the one-half, and Reynolds the other half, of all the personal property and real estate. The firm carried on the business of farming and dealing in horses and cattle, one-half of the profits going to the Trexlers and the other half to Reynolds.

J. F. Trexler, H. J. Trexler and J. L. Trexler formed a limited partnership in 1898 under the name of the Trexler Stave and Lumber Company, Limited, the business of which, as declared in the articles of association, was "the manufacture and sale of staves, lumber and cooperage stock." By an agreement in writing dated May 3, 1904, Trexler Brothers and Company leased to the Trexler Stave and Lumber Company, Limited, the right to take from the Paradise Furnace Farm "as much timber suitable for staves and lumber as the party of the second part needs to keep their plants in operation." The lumber company agreed to pay a royalty of twenty-five cents per 1,000 feet for the staves and $2.50 per 1,000 feet for the lumber cut and removed from the farm.

Differences having arisen between the members of the copartnership of Trexler Brothers and Company, they entered into a written agreement of dissolution dated January 20, 1905. By the terms of the agreement, J. F. Trexler and J. L. Trexler sold to Reynolds all their undivided one-half interest in the Paradise Furnace Farm, "and all their right, title and interest in and to all the personal property upon the said lands, and all their right, title and interest in and to all other personal property owned by the said firm of whatsoever character or wherever situate," except certain moneys therein specified. This provision of the agreement gives rise to the present controversy. As part of the consideration Reynolds agreed to and did give to the Trexlers a judgment bond and mortgage for $3,000 payable in one year after date with interest. On January 31, 1906, judgment was entered on the bond and an execution was issued. Reynolds presented his petition to the common pleas setting forth, inter alia, that the Trex-

lers had not delivered to him all the personal property upon the premises which he had purchased, but had taken and carried away a considerable part of the property of the value of $1,865, and obtained a rule to show cause why the judgment entered on the bond should not be opened to permit a defense to that amount. The rule was made absolute and the judgment was opened. An issue was framed to determine what personal property, if any, was removed by the Trexlers, or either of them, from the real estate, and the value thereof, in violation of the dissolution agreement. The trial of the issue resulted in a verdict for the plaintiffs of $573.90. The learned trial court construed the agreement to mean that the Trexlers sold their interest in all the personal property on the farm, whether it belonged to the firm of Trexler Brothers and Company, to the Trexler Stave and Lumber Company, Limited, or to anybody else. The only question submitted to the jury was the value of the personal property removed from the farm by the Trexler Brothers. The plaintiffs appealed to the Superior Court and the judgment was reversed: Trexler v. Reynolds, 43 Pa. Superior Ct. 168. That court held there was no doubt or ambiguity in the dissolution agreement and that by its terms the Trexlers had sold to Reynolds only their interest in the personal property of the firm of Trexler Brothers and Company, and did not sell their interest in the personal property of the Trexler Stave and Lumber Company, Limited. The clear and convincing opinion of Judge HEAD leaves no doubt that the Superior Court properly interpreted the dissolution agreement. We are, therefore, relieved from discussing the question, and adopt that interpretation as the proper construction of the agreement.

The case was again tried in the common pleas, and under the instructions of the court the jury returned a verdict for the full amount of the plaintiffs' claim. The defendant contended on the second trial as he did on the first that by the terms of the agreement the Trexlers had sold to him their interest in all the personal property on the farm

of the firm of Trexler Brothers and Company and of the Trexler Stave and Lumber Company, Limited, and that he was entitled to set up as a defense pro tanto to the payment of the judgment bond the value of the personal property of the Trexler Stave and Lumber Company, Limited, which the plaintiffs had removed from the premises after the dissolution agreement. This defense was not admissible under the interpretation placed by the Superior Court on the dissolution agreement, and was therefore properly rejected by the trial court.

The numerous assignments allege error in the refusal of the court to permit the defendant to show that the Trexler Stave and Lumber Company, Limited, was engaged in selling and raising horses in connection with Trexler Brothers and Company, that the books of the two partnerships were kept together, that Reynolds was a partner in fact in the Trexler Stave and Lumber Company, Limited, that the money received by Trexler Brothers and Company for selling horses was turned over to the Trexler Stave and Lumber Company, Limited, that notice to trespassers was posted on the farm by a member of the limited partnership, and the value of the personal property removed from the farm after the agreement. These offers were all properly excluded. The plaintiffs did not object to the defendant showing the value of the personal property removed after the dissolution agreement if it was further shown that it belonged to Trexler Brothers and Company. The defendant, however, did not offer to show such ownership. The effect of the offers was to show business relations between the two partnerships and to have the jury draw the conclusion that Trexler Brothers and Company and the Trexler Stave and Lumber Company, Limited, were one and the same partnership. The offers, if admitted, would not have shown that fact. The two firms were separate and distinct, one was the ordinary partnership, and the other was a limited partnership. The father of the Trexler Brothers was a member of the limited partnership but not of the

other partnership, while Reynolds was a member of the general partnership, but not a member of the limited partnership. The business of the two firms was different, the general partnership was engaged in farming and dealing in blooded horses and cattle, while the limited partnership was confined to the business declared in its articles of association, viz., the manufacture and sale of staves, lumber and cooperage stock. Reynolds knew that they were separate and distinct organizations and that the limited partnership was carrying on its business on the Paradise Furnace Farm under a written agreement with Trexler Brothers and Company. The personal property which was removed by the Trexlers and now claimed by the defendant was manufactured by the Trexler Stave and Lumber Company, Limited, and belonged to that firm. As clearly pointed out in the opinion of the Superior Court, the Trexlers, by the dissolution agreement, did not intend to sell the personal property of the limited company.

The circumstances surrounding the parties at the time they entered into the agreement show that the personal property sold to the defendant was confined to the property which belonged to the firm of Trexler Brothers and Company. The purpose of the agreement was not simply to sell the real and personal estate of the Trexlers to the defendant; on the contrary, the primary purpose was to dissolve the partnership between the Trexlers and Reynolds because of "certain differences having arisen between the members of the copartnership." It was executed by the three parties, plaintiffs and defendant in this case, "trading and doing business as Trexler Brothers and Company." The agreement, therefore, manifestly intended to deal with the property of that copartnership, and not with the property of other persons or other partnerships. It is true that the first clause of that part of the agreement out of which this controversy arises is quite comprehensive and, standing alone, might be sufficient to sustain the defendant's contention. It says: "All their

right, title and interest in and to all the personal property upon the said lands." In construing this clause, however, we must read in connection with it and what is a part of it the following: "and all their right, title and interest in and to all other personal property owned by the said firm." The phrase "by the said firm" must be read in connection with both clauses in view of the declared fact that the agreement is between the three parties composing the firm of Trexler Brothers and Company and that its purpose is to dissolve that firm and dispose of the real and personal estate belonging to it. The Trexler Brothers Company could not sell the personal property of the Trexler Stave and Lumber Company, Limited. That could be done only by the officials authorized by law to make the sale. It is true, the Trexlers might sell their interest in the limited partnership but that would be quite different from the sale of the personal property of the partnership, and would not give the right to the purchaser to take possession of the property. If the defendant's contention be correct that he purchased the interest of the Trexlers in the limited partnership, he must assert his right to that interest in another and proper proceeding. Under our interpretation of the dissolution agreement, however, we think he did not acquire the interest of the Trexlers in the personal property of the limited partnership.

The judgment is affirmed.